# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CR-0176-CVE-001 |
| | ) |
| ORLANDO REED, a/k/a "Boogie," | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is defendant's motion for a pretrial hearing to determine the admissibility of co-conspirator statements (Dkt. # 53). Plaintiff has not filed a response; however, the Court finds that a response is unnecessary.

Defendant was charged by indictment with eight counts of various firearms and drug violations. Dkt. # 5. Count one, the drug conspiracy charge, alleges a conspiracy involving defendant Reed and co-defendant Eric Williams. Id. Defendant alleges that the evidence in this case is principally based on the use of confidential informants, pen registers and trap and trace devices, and a Title III wiretap on defendant's phone, which was in operation from July 24 to August 20, 2019. Dkt. # 53, at 1-2. Defendant alleges that there are more than 500 sessions of intercepted calls or text messages. Id. at 2. Defendant further alleges that these statements may have been made by Williams and unindicted co-conspirators. Id. Defendant asks the Court for a Petersen hearing, also known as a James[1] hearing, arguing that statements made by alleged co-conspirators are potentially

---

[1] United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979) (overruled on separate grounds).

inadmissible hearsay, and that the Court should determine whether the statements are hearsay prior to trial. Id.

Under Federal Rule of Evidence 801(d)(2)(E), a statement is not considered hearsay if the court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983).

A James hearing allows the district court to make a pretrial determination whether statements of a co-conspirator are inadmissible hearsay. James, 590 F.2d at 581-82. The reason for this hearing is to shield the jury from hearing prejudicial statements made by co-conspirators. Id. at 579. A district court may rely on the statements and observations of other co-conspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25. If a co-conspirator's statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clause of the Sixth Amendment are also satisfied. United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996). However, there is no Tenth Circuit precedent requiring a pretrial hearing to determine the admissibility of co-conspirator statements. The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing. United States v. Gonzalez-Montoya, 161 F.3d 643, 648 (10th Cir. 1998). But the Tenth Circuit has clearly held that this is a preference only, and the district

court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994).

In this case, the indictment charges that two defendants engaged in a conspiracy to engage in a drug offense (count one), and that defendant Reed engaged in other firearm offenses. Dkt. # 5. Defendant alleges that the evidence in this case is principally based on the use of confidential informants, pen registers and trap and trace devices, and a Title III wiretap on defendant's phone, which was in operation from July 24 to August 20, 2019. Dkt. # 53, at 1-2. Defendant alleges that there are more than 500 sessions of intercepted calls or text messages. Id. at 2. A James hearing would take almost as long as a jury trial. The Court will require plaintiff to lay a proper foundation for admitting co-conspirator statements by offering proof of the conspiracy and each defendant's membership in it before seeking to admit the statements, but defendant's motion (Dkt. # 53) for a James hearing should be denied.

**IT IS THEREFORE ORDERED** that defendant Orlando Reed's motion for a James hearing (Dkt # 53) is **denied**.

**DATED** this 22nd day of April, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE